Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
jgomes@donigerlawfirm.com
DONIGER/BURROUGHS
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

BERNHARD KÜHMSTEDT, an individual,

Plaintiff,

v.

BUZZFEED, INC., a Delaware Corporation; and DOES 1 through 10,

Defendants.

Case No.:

PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT AND VIOLATION OF THE DMCA: 17 U.S.C. § 1202

Jury Trial Demanded

Plaintiff, by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3.   Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**PARTIES**

4.   Plaintiff BERNHARD KÜHMSTEDT ("KÜHMSTEDT") is an individual residing in Munich, Germany.

5.   Plaintiff is informed and believes and thereon alleges that Defendant BUZZFEED, INC. ("BUZZFEED") is a Delaware Corporation with a principal office at 608 Main St, Venice, California 90291, and is the owner of the website at www.buzzfeed.com.

6.   Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7.   Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO SUBJECT PHOTOGRAPHS 1 to 30

8.   KÜHMSTEDT created thirty (30) original photographs of Justin Timberlake and other members of the pop music band N'Sync, including group photographs (collectively, "Subject Photographs 1 to 30"), that were first published abroad. Images of Subject Photographs 1 to 30 are attached hereto as Exhibit A. Plaintiff is the sole owner of the exclusive rights in Subject Photographs 1 to 30.

9.   Subject Photographs 1 to 30 are not United States works within the meaning of 17 U.S.C., § 101.

10. As a result of the foregoing, Plaintiff is exempt from the registration requirements set out at 17 U.S.C., § 411(a).

11. Plaintiff is informed and believes and thereon alleges that following its publication and display of Subject Photographs 1 to 30, BUZZFEED, DOE Defendants, and each of them used Subject Photographs 1 to 30 without Plaintiff's authorization for commercial purposes in various ways, including, but not limited to, the use on websites such as www.buzzfeed.com. Screen captures of the infringing uses on the website www.buzzfeed.com, including the URL links on which Subject Photographs 1 to 30 are posted, are attached hereto as Exhibit B.

## CLAIMS RELATED TO SUBJECT PHOTOGRAPH 31

12. KÜHMSTEDT created an original photograph of Janet Jackson that was first published abroad ("Subject Photograph 31").  Plaintiff is the sole owner of the exclusive rights in Subject Photograph 31.

13. Subject Photograph 31 is not a United States work within the meaning of 17 U.S.C., § 101.

14. As a result of the foregoing, Plaintiff is exempt from the registration requirements set out at 17 U.S.C., § 411(a).

15. Plaintiff is informed and believes and thereon alleges that following its publication and display of Subject Photograph 31, BUZZFEED, DOE Defendants,

and each of them used Subject Photograph 31 without Plaintiff's authorization for commercial purposes in various ways, including, but not limited to, the use on websites such as https://www.buzzfeed.com/tracyclayton/im-starting-with-the-baby-in-the-mirror.

16. An image of Subject Photograph 31 and a screen capture of Defendant's website with Subject Photograph 31 embedded are set forth hereinbelow:

**Subject Photograph 31**



**Screen Capture**



//

//

## CLAIMS RELATED TO SUBJECT PHOTOGRAPH 32

17. KÜHMSTEDT created an original photograph of the Swedish music group Ace of Bass that was first published abroad ("Subject Photograph 32"). Plaintiff is the sole owner of the exclusive rights in Subject Photograph 32.

18. Subject Photograph 32 is not a United States work within the meaning of 17 U.S.C., § 101.

19. As a result of the foregoing, Plaintiff is exempt from the registration requirements set out at 17 U.S.C., § 411(a).

20. Plaintiff is informed and believes and thereon alleges that following its publication and display of Subject Photograph 32, BUZZFEED, DOE Defendants, and each of them used Subject Photograph 32 without Plaintiff's authorization for commercial purposes in various ways, including, but not limited to, the use on websites such as https://www.buzzfeed.com/whitneyjefferson/ace-of-base-champions-of-90s-style%C2%A0.

21. An image of Subject Photograph 32 and a screen capture of Defendant's website with Subject Photograph 32 embedded are set forth hereinbelow:

### Subject Photograph 32



//

//

**Screen Capture**



**CLAIMS RELATED TO SUBJECT PHOTOGRAPH 33**

22.KÜHMSTEDT created an original photograph of the Dutch music group 2 Unlimited that was first published abroad ("Subject Photograph 33"). Plaintiff is the sole owner of the exclusive rights in Subject Photograph 33.

23. Subject Photograph 33 is not a United States work within the meaning of 17 U.S.C., § 101.

24.As a result of the foregoing, Plaintiff is exempt from the registration requirements set out at 17 U.S.C., § 411(a).

25.Plaintiff is informed and believes and thereon alleges that following its publication and display of Subject Photograph 33, BUZZFEED, DOE Defendants, and each of them used Subject Photograph 33 without Plaintiff's authorization for commercial purposes in various ways, including, but not limited to, the use on websites such as https://www.buzzfeed.com/de/sebastianfiebrig/90er-poster.

26.An image of Subject Photograph 33 and a screen capture of Defendant's website with Subject Photograph 33 embedded are set forth hereinbelow:

1

**Subject Photograph 33**

2

3

4

5

6

7

8

9

10

11

12

13



14

**Screen Capture**

15

16

17

18

19

20

21

22

23

24

25



26

//

27

//

28

COMPLAINT

## CLAIMS RELATED TO SUBJECT PHOTOGRAPH 34

27. KÜHMSTEDT created an original photograph of Canadian musician Jane Child that was first published abroad ("Subject Photograph 34"). Plaintiff is the sole owner of the exclusive rights in Subject Photograph 34.

28. Subject Photograph 34 is not a United States work within the meaning of 17 U.S.C., § 101.

29. As a result of the foregoing, Plaintiff is exempt from the registration requirements set out at 17 U.S.C., § 411(a).

30. Plaintiff is informed and believes and thereon alleges that following its publication and display of Subject Photograph 34, BUZZFEED, DOE Defendants, and each of them used Subject Photograph 34 without Plaintiff's authorization for commercial purposes in various ways, including, but not limited to, the use on websites such as https://www.buzzfeed.com/johnnyr6/5-new-wave-stars-with-better-hair-than-you-arl4.

31. An image of Subject Photograph 34 and a screen capture of Defendant's website with Subject Photograph 34 embedded are set forth hereinbelow:

### Subject Photograph 34



//
//

**Screen Capture**



**CLAIMS RELATED TO SUBJECT PHOTOGRAPH 35**

32. KÜHMSTEDT created an original photograph of rapper Vanilla Ice that was first published abroad ("Subject Photograph 35"). Plaintiff is the sole owner of the exclusive rights in Subject Photograph 35.

33. Subject Photograph 35 is not a United States work within the meaning of 17 U.S.C., § 101.

34. As a result of the foregoing, Plaintiff is exempt from the registration requirements set out at 17 U.S.C., § 411(a).

35. Plaintiff is informed and believes and thereon alleges that following its publication and display of Subject Photograph 35, BUZZFEED, DOE Defendants, and each of them used Subject Photograph 35 without Plaintiff's authorization for commercial purposes in various ways, including, but not limited to, the use on websites such as https://www.buzzfeed.com/whitneyjefferson/45-times-vanilla-ice-has-looked-cool-as-ice.

36. An image of Subject Photograph 35 and a screen capture of Defendant's website with Subject Photograph 35 embedded are set forth hereinbelow:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Subject Photograph 35**



**Screen Capture**



**CLAIMS RELATED TO SUBJECT PHOTOGRAPH 36**

37. KÜHMSTEDT created an original photograph of artist Christina Aguilera that was first published abroad ("Subject Photograph 36"). Plaintiff is the sole owner of the exclusive rights in Subject Photograph 36.

38. Subject Photograph 36 is not a United States work within the meaning of 17 U.S.C., § 101.

39. As a result of the foregoing, Plaintiff is exempt from the registration requirements set out at 17 U.S.C., § 411(a).

40. Plaintiff is informed and believes and thereon alleges that following its publication and display of Subject Photograph 36, BUZZFEED, DOE Defendants, and each of them used Subject Photograph 36 without Plaintiff's authorization for commercial purposes in various ways, including, but not limited to, the use on websites such as https://www.buzzfeed.com/de/maximilianzender/ateens.

41. An image of Subject Photograph 36 and a screen capture of Defendant's website with Subject Photograph 36 embedded are set forth hereinbelow:

**<u>Subject Photograph 36</u>**



//

//

//

**Screen Capture**



**CLAIMS RELATED TO SUBJECT PHOTOGRAPH 37**

42. KÜHMSTEDT created an original photograph of Swiss artist DJ Bobo that was first published abroad ("Subject Photograph 37"). Plaintiff is the sole owner of the exclusive rights in Subject Photograph 37.

43. Subject Photograph 37 is not a United States work within the meaning of 17 U.S.C., § 101.

44. As a result of the foregoing, Plaintiff is exempt from the registration requirements set out at 17 U.S.C., § 411(a).

45. Plaintiff is informed and believes and thereon alleges that following its publication and display of Subject Photograph 37, BUZZFEED, DOE Defendants, and each of them used Subject Photograph 37 without Plaintiff's authorization for commercial purposes in various ways, including, but not limited to, the use on websites such as https://www.buzzfeed.com/marianolake/el-antes-y-despues-de-los-musicos-que-no-sobrevivi-ona8.

46. An image of Subject Photograph 37 and a screen capture of Defendant's website with Subject Photograph 37 embedded are set forth hereinbelow:

### Subject Photograph 37



### Screen Capture



1

## CLAIMS RELATED TO SUBJECT PHOTOGRAPH 38

2

47.KÜHMSTEDT created an original photograph of the music band Natural

3

that was first published abroad ("Subject Photograph 38"). Plaintiff is the sole owner

4

of the exclusive rights in Subject Photograph 38.

5

48. Subject Photograph 38 is not a United States work within the meaning of

6

17 U.S.C., § 101.

7

49.As a result of the foregoing, Plaintiff is exempt from the registration

8

requirements set out at 17 U.S.C., § 411(a).

9

50.Plaintiff is informed and believes and thereon alleges that following its

10

publication and display of Subject Photograph 38, BUZZFEED, DOE Defendants,

11

and each of them used Subject Photograph 38 without Plaintiff's authorization for

12

commercial purposes in various ways, including, but not limited to, the use on

13

websites such as https://www.buzzfeed.com/de/maximilianzender/langisher.

14

51.An image of Subject Photograph 38 and a screen capture of Defendant's

15

website with Subject Photograph 38 embedded are set forth hereinbelow:

16

### Subject Photograph 38

17

18

19

20



21

22

23

24

25

26

27

28

**Screen Capture**



## CLAIMS RELATED TO SUBJECT PHOTOGRAPH 39

52. KÜHMSTEDT created an original photograph of the German music group Band ohne Namen that was first published abroad ("Subject Photograph 39"). Plaintiff is the sole owner of the exclusive rights in Subject Photograph 39.

53. Subject Photograph 39 is not a United States work within the meaning of 17 U.S.C., § 101.

54. As a result of the foregoing, Plaintiff is exempt from the registration requirements set out at 17 U.S.C., § 411(a).

55. Plaintiff is informed and believes and thereon alleges that following its publication and display of Subject Photograph 39, BUZZFEED, DOE Defendants, and each of them used Subject Photograph 39 without Plaintiff's authorization for commercial purposes in various ways, including, but not limited to, the use on websites such as https://www.buzzfeed.com/de/maximilianzender/langisher.

56. An image of Subject Photograph 39 and a screen capture of Defendant's website with Subject Photograph 39 embedded are set forth hereinbelow:

//

**Subject Photograph 39**



**Screen Capture**



//

//

//

COMPLAINT

1

## CLAIMS RELATED TO SUBJECT PHOTOGRAPH 40

2

57.KÜHMSTEDT created an original photograph of musician Jeanette that

3

was first published abroad ("Subject Photograph 40"). Plaintiff is the sole owner of

4

the exclusive rights in Subject Photograph 40.

5

58. Subject Photograph 40 is not a United States work within the meaning of

6

17 U.S.C., § 101.

7

59.As a result of the foregoing, Plaintiff is exempt from the registration

8

requirements set out at 17 U.S.C., § 411(a).

9

60.Plaintiff is informed and believes and thereon alleges that following its

10

publication and display of Subject Photograph 40, BUZZFEED, DOE Defendants,

11

and each of them used Subject Photograph 40 without Plaintiff's authorization for

12

commercial purposes in various ways, including, but not limited to, the use on

13

websites such as https://www.buzzfeed.com/de/maximilianzender/2000erichkomme.

14

61.An image of Subject Photograph 40 and a screen capture of Defendant's

15

website with Subject Photograph 40 embedded are set forth hereinbelow:

16

### Subject Photograph 40

17

18

19

20



21

22

23

24

25

26  //

//

27

28

**Screen Capture**



## **CLAIMS RELATED TO SUBJECT PHOTOGRAPHS 41 to 43**

62. KÜHMSTEDT created three (3) original photographs of German pop group No Angels that were first published abroad ("Subject Photographs 41 to 43"). Plaintiff is the sole owner of the exclusive rights in Subject Photographs 41 to 43.

63. Subject Photographs 41 to 43 are not United States works within the meaning of 17 U.S.C., § 101.

64. As a result of the foregoing, Plaintiff is exempt from the registration requirements set out at 17 U.S.C., § 411(a).

65. Plaintiff is informed and believes and thereon alleges that following its publication and display of Subject Photograph 41 to 43, BUZZFEED, DOE Defendants, and each of them used Subject Photographs 41 to 43 without Plaintiff's authorization for commercial purposes in various ways, including, but not limited to, the use on websites such as:

(a) https://www.buzzfeed.com/de/maximilianzender/2000erichkomme;

(b) https://www.buzzfeed.com/de/annaaridzanjan/galeria-arschgeweih-deutsche-memes-nostalgie-promis-2000er;

(c) https://www.buzzfeed.com/de/maximilianzender/weisst-dunoch;

(d)  https://www.buzzfeed.com/de/annadushime/21-dinge-die-fur-jeden-teenager-in-den-2000er-den-tod-bedeut;

(e) https://www.buzzfeed.com/de/karstenschmehl/hdgggggggggdl;

(f) https://www.buzzfeed.com/de/karstenschmehl/cemstreetboys; and

(g)  https://www.buzzfeed.com/de/maximilianzender/langisher.

66.Images of Subject Photographs 41 to 43 and screen captures of Defendant's website with Subject Photographs 41 to 43 embedded are set forth hereinbelow:

**<u>Subject Photograph 41 to 43</u>**







### Screen Captures



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





# FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants, and Each)

67. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

68. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating an infringing and/or derivative work from all of the works at issue, i.e. Subject Photographs 1 to 43, (collectively the "Subject Photographs"), and by publishing the work which infringes the Subject Photographs to the public, including without limitation, on and through its website(s).

69. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's rights by copying the Subject Photographs without Plaintiff's authorization or consent, and creating an unlawful derivative work from the Subject Photographs.

70. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Photographs, including, without limitation, through viewing the Subject Photographs on Plaintiff's website, publications, profiles, exhibitions and/or through other authorized channels, over the internet, including without limitation as accessed via a search engine, or through a third-party source.

71. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

72. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photographs. As such, Plaintiff is entitled to disgorgement of Defendants'

profits directly and indirectly attributable to Defendants' infringement of its rights in the Subject Photographs in an amount to be established at trial.

73. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Violations of the Digital Millennium Copyright Act (17 U.S.C. §1202 – Against all Defendants, and Each))

74. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

75. Plaintiff's photography was routinely published with attribution, credit, and other copyright management information. His name, the title of the publication, and other indicia of authorship would be visible on his work.

76. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, removed Plaintiff's copyright management information, as described above, from one or more of the Subject Photographs, and/or added false copyright management information to one or more of the Subject Photographs, before publishing same.

77. Specifically, Plaintiff is informed and believes and thereon alleges that Defendants, and each of them,  published the Subject Photographs under the name "BuzzFeed" with credits to its writer(s).

78. The aforementioned facts constitute "copyright management information" as that phrase is defined in 17 U.S.C. § 1202(c) and is false.

79. When Defendants published the Subject Photographs, they knowingly provided and/or distributed false copyright management information in violation of 17 U.S.C. § 1202(a).

80. As a result of the foregoing, Plaintiff has been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under the Digital Millennium Copyright Act.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows against all Defendants and with respect to each claim for relief:

    a. That Defendants, their affiliates, agents, and employees be enjoined from infringing Plaintiff's copyright in and to the Subject Photographs;

    b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages to the extent they are available under the Copyright Act, 17 U.S.C. § 504 et seq.;

    c. That Plaintiff be awarded its costs and attorneys' fees to the extent they are available under the Copyright Act U.S.C. § 505 et seq.;

    d. That a trust be entered over the disputed works, and all profits realized through the infringement;

    e. That Plaintiff be awarded pre-judgment interest as allowed by law;

    f. That Plaintiff be awarded the costs of this action; and

    g. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: March 2, 2020                    DONIGER / BURROUGHS

By:     */s/ Scott Alan Burroughs*
        Scott Alan Burroughs, Esq.
        Stephen M. Doniger, Esq.
        Justin M. Gomes, Esq.
        Attorneys for Plaintiff